IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 MAR 29 PM 4:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

ANNIE L. DRAKE, ALVIS F. AMBROSE,
HOLLIS B. BARRON, NANCY GAINES,
DWIGHT D. MYRICKS, BRENDA WHITE,
CLAUZELL R. WILLIAMS,

      Plaintiffs,

vs.

FEDERAL RESERVE BANK OF

ATLANTA,

      Defendant.

Civil Action No.: CV-02-J-0146-s

## ANSWER

COMES NOW the defendant, the Federal Reserve Bank of Atlanta (incorrectly identified in the complaint as "Federal Reserve Bank"), hereinafter referred to as "Defendant," and for answer to the complaint, says as follows:

1. In response to paragraph 1 of the complaint, defendant admits that plaintiffs attempt to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 1981(a) and the Equal Pay Act, 29 U.S.C. § 206(d). Defendant denies that any plaintiff has stated a claim upon which relief may be granted under any one or more of said laws. Defendant denies that any plaintiff has been discriminated against on the basis of sex or race, and denies that there has been any pattern or practice of employment discrimination or continuing violation of Title VII.

2. In response to paragraph 2 of the complaint, defendant admits that this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. In response to the second sentence contained in paragraph 2 of the complaint, defendant restates and incorporated

herein its response to paragraph 1of the complaint. Defendant denies the remaining allegations contained in paragraph 2 of the complaint.

3. Defendant admits the allegations contained in paragraph 3 of the complaint.

4. In response to paragraph 4 of the complaint, defendant admits that Annie L. Drake (hereinafter "Drake") is an African-American female citizen of the United States and that she was a resident of Birmingham, Jefferson County, Alabama, and that she is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 4 of the complaint.

5. In response to paragraph 5 of the complaint, defendant admits that Alvis Ambrose (hereinafter "Ambrose") is an African-American female citizen of the United States and that she was a resident of Birmingham, Jefferson County, Alabama, and that she is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 5 of the complaint.

6. In response to paragraph 6 of the complaint, defendant admits that Hollis Barron (hereinafter "Barron") is an African-American male citizen of the United States and that he was a resident of Birmingham, Jefferson County, Alabama, and that he is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 6 of the complaint.

7. In response to paragraph 7 of the complaint, defendant admits that Nancy Gaines (hereinafter "Gaines") is an African-American female citizen of the United States and that she was a resident of Birmingham, Jefferson County, Alabama, and that she is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 7 of the complaint.

8. In response to paragraph 8 of the complaint, defendant admits that Dwight D. Myricks (hereinafter "Myrick") is an African-American male citizen of the United States and that he was a resident of Birmingham, Jefferson County, Alabama, and that he is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 8 of the complaint.

9. In response to paragraph 9 of the complaint, defendant admits that Brenda White (hereinafter "White") is an African-American female citizen of the United States and that she was

a resident of Birmingham, Jefferson County, Alabama, and that she is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 9 of the complaint.

10. In response to paragraph 10 of the complaint, defendant admits that Clauzell R. Williams (hereinafter "Williams") is an African-American female citizen of the United States and that she was a resident of Birmingham, Jefferson County, Alabama, and that she is over the age of nineteen. Defendant denies the remaining allegations contained in paragraph 10 of the complaint.

11. In response to paragraph 11 of the complaint, defendant admits that it does business in Jefferson County and Alabama, that it is an employer, that it is engaged in an industry affecting commerce, and that it is subject to suit under Title VII, § 1981 and the Equal Pay Act. Defendant denies the remaining allegations contained in paragraph 11 of the complaint.

12. In response to paragraph 12 of the complaint, defendant restates and incorporates herein its responses to the previous allegations contained in the complaint.

13. In response to paragraph 13 of the complaint, defendant admits that Drake became employed with defendant as a Cleaner in May, 1966, and that she became a Mail Clerk in 1972. Defendant denies the remaining allegations contained in paragraph 13 of the complaint.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15 of the complaint.

16. Defendant denies the allegations contained in paragraph 16 of the complaint.

17. In response to paragraph 17 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 17 of the complaint.

18. Defendant denies the allegations contained in paragraph 18 of the complaint.

19. In response to paragraph 19 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among

different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 19 of the complaint.

20. Defendant denies the allegations contained in paragraph 20 of the complaint.

21. Defendant admits the allegations contained in the first sentence of paragraph 21 of the complaint. Defendant admits that Alvis Ambrose (hereinafter "Ambrose") was promoted to Settlement Clerk (Check Collection Clerk) in March 1975. Defendant further admits that Ambrose quit in 1979 and was rehired in 1980. Defendant denies the remaining allegations contained in paragraph 21 of the complaint.

22. Defendant denies the allegations contained in paragraph 22 of the complaint.

23. Defendant denies the allegations contained in paragraph 23 of the complaint.

24. In response to paragraph 24 of the complaint, defendant admits Jeremy Whitley, Blake Andrus and Michael Jadwin were hired into supervisory or managerial positions in the payment services line of progression. Defendant denies the remaining allegations contained in paragraph 24 of the complaint and denies any inferences intended by those allegations.

25. In response to paragraph 25 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 25 of the complaint.

26. Defendant denies the allegations contained in the first and second sentences of paragraph 26 of the complaint. In response to the third sentence, defendant admits that performance reviews vary from year to year, depending upon the performance of the employee during the year encompassed by the performance review. Defendant denies the remaining allegations contained in the third sentence of paragraph 26 and denies any inferences intended by those allegations.

27. In response to paragraph 27 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among

different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 27 of the complaint.

28. Defendant denies the allegations contained in paragraph 28 of the complaint.

29. In response to paragraph 29 of the complaint, defendant admits that Hollis Barron (hereinafter "Barron") was hired as a Management Intern on June 19, 1989 and was promoted to Check Collection Supervisor on November 1, 1990. Defendant further admits that plaintiff was demoted to his current position, Sergeant in the Protection Department, on September 16, 1995. Defendant denies the remaining allegations contained in paragraph 29 of the complaint.

30. Defendant denies the allegations contained in paragraph 30 of the complaint.

31. Defendant denies the allegations contained in paragraph 31 of the complaint.

32. Defendant denies the allegations contained in the first and second sentence of paragraph 32 of the complaint. In response to the third sentence, defendant admits that Barron applied for a Lieutenant position and was not selected for the job because he was not the most qualified candidate. Defendant denies the allegations contained in the fourth sentence. In response to the fifth sentence, defendant admits Jeremy Whitley, Blake Andrus and Michael Jadwin were hired into supervisory or managerial positions in the payment services line of progression. Defendant denies the remaining allegations contained in paragraph 32 of the complaint and denies any inferences intended by those allegations

33. In response to paragraph 33 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 33 of the complaint.

34. Defendant denies the allegations contained in paragraph 34 of the complaint.

35. In response to paragraph 35 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among

different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 35 of the complaint.

36. Defendant denies the allegations contained in paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, defendant admits that Nancy Gaines (hereinafter "Gaines") was hired as a Settlement Clerk Trainee on May 1, 1974. Defendant denies the remaining allegations contained in paragraph 37 of the complaint.

38. Defendant denies the allegations contained in paragraph 38 of the complaint.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

40. In response to paragraph 40 of the complaint, defendant admits Jeremy Whitley, Blake Andrus and Michael Jadwin were hired into supervisory or managerial positions in the payment services line of progression. Defendant denies the remaining allegations contained in paragraph 40 of the complaint and denies any inferences intended by those allegations.

41. Defendant denies the allegations contained in paragraph 41 of the complaint.

42. Defendant denies the allegations contained in the first and second sentences of paragraph 42 of the complaint. In response to the third sentence, defendant admits that performance reviews vary from year to year, depending upon the performance of the employee during the year encompassed by the performance review. Defendant denies the remaining allegations contained in the third sentence of paragraph 42 and denies any inferences intended by those allegations.

43. In response to paragraph 43 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 43 of the complaint.

44. Defendant denies the allegations contained in paragraph 44 of the complaint.

45. In response to the allegations contained in paragraph 45 of the complaint, defendant admits that Dwight Myricks (hereinafter "Myricks") was hired as a Dispatch Clerk Trainee on June 13, 1977. Defendant denies the remaining allegations contained in paragraph 45 of the complaint.

46. Defendant denies the allegations contained in paragraph 46 of the complaint.

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

48. Defendant denies the allegations contained in paragraph 48 of the complaint.

49. In response to paragraph 49 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 49 of the complaint.

50. Defendant denies the allegations contained in the first and second sentences of paragraph 50 of the complaint. In response to the third sentence, defendant admits that performance reviews vary from year to year, depending upon the performance of the employee during the year encompassed by the performance review. Defendant denies the remaining allegations contained in the third sentence of paragraph 50 and denies any inferences intended by those allegations.

51. In response to paragraph 51 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 51 of the complaint.

52. Defendant denies the allegations contained in paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, Defendant admits that Brenda White (hereinafter "White") was hired in 1972. Defendant denies the remaining allegations contained in paragraph 53 of the complaint.

54. Defendant denies the allegations contained in paragraph 54 of the complaint.

55. Defendant denies the allegations contained in paragraph 55 of the complaint.

56. Ion response to paragraph 56 of the complaint, defendant admits Jeremy Whitley, Blake Andrus and Michael Jadwin were hired into supervisory or managerial positions in the payment services line of progression. Defendant denies the remaining allegations contained in paragraph 56 of the complaint and denies any inferences intended by those allegations.

57. In response to paragraph 57 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 57 of the complaint.

58. Defendant denies the allegations contained in the first and second sentences of paragraph 58 of the complaint. In response to the third sentence, defendant admits that performance reviews vary from year to year, depending upon the performance of the employee during the year encompassed by the performance review. Defendant denies the remaining allegations contained in the third sentence of paragraph 58 and denies any inferences intended by those allegations.

59. In response to paragraph 59 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 59 of the complaint

60. Defendant denies the allegations contained in paragraph 60 of the complaint.

61. In response to paragraph 61, defendant admits that Clauzell Williams (hereinafter "Williams") was hired. Defendant denies the remaining allegations contained in paragraph 61 of the complaint.

62. Defendant denies the allegations contained in paragraph 62 of the complaint.

63. Defendant denies the allegations contained in paragraph 63 of the complaint.

64. In response to paragraph 64 of the complaint, defendant admits that employees are given annual performance reviews. Defendant denies the remaining allegations contained in paragraph 64 of the complaint.

65. Defendant denies the allegations contained in the first and second sentences of paragraph 65 of the complaint. In response to the third sentence, defendant admits that performance reviews vary from year to year, depending upon the performance of the employee during the year encompassed by the performance review. Defendant denies the remaining allegations contained in paragraph 65 and denies any inferences intended by those allegations.

66. In response to paragraph 66 of the complaint, defendant denies that plaintiff or any other person has been treated differently with respect to training opportunities because of race. Defendant admits that white and African American employees are allowed to move among different job families, learn different jobs and generally advance in their careers. Defendant denies the remaining allegations contained in paragraph 66 of the complaint.

67. Defendant denies the allegations contained in paragraph 67 of the complaint.

68. In response to paragraph 68 of the complaint, defendant restates and incorporates herein its responses to the previous allegations contained in the complaint.

69. Defendant denies the allegations contained in paragraph 69 of the complaint.

70. Defendant denies the allegations contained in paragraph 70 of the complaint.

71. Defendant denies the allegations contained in paragraph 71 of the complaint.

72. Defendant denies the allegations contained in paragraph 72 of the complaint.

73. Defendant denies the allegations contained in paragraph 73 of the complaint.

74. Defendant denies the allegations contained in paragraph 74 of the complaint.

75. Defendant denies the allegations contained in paragraph 75 of the complaint.

76. In response to paragraph 76 of the complaint, defendant restates and incorporates herein its responses to the previous allegations contained in the complaint.

77. Defendant denies the allegations contained in paragraph 77 of the complaint.

78. Defendant denies the allegations contained in paragraph 78 of the complaint.

79. Defendant denies the allegations contained in paragraph 79 of the complaint.

80. Defendant denies the allegations contained in paragraph 80 of the complaint.

81. Defendant denies the allegations contained in paragraph 81 of the complaint.

82. Defendant denies the allegations contained in paragraph 82 of the complaint.

83. In response to paragraph 83 of the complaint, defendant restates and incorporates herein its responses to the previous allegations contained in the complaint.

84. Defendant denies the allegations contained in paragraph 84 of the complaint.

85. Defendant denies the allegations contained in paragraph 85 of the complaint.

86. Defendant denies the allegations contained in paragraph 86 of the complaint.

87. Paragraph 87 of the complaint does not appear to contain allegations to which a response is required. To the extent that a response is required, defendant denies that Williams possesses or may reserve a right to add class allegations with respect to this purported claim.

88. Defendant denies that plaintiffs or any of them are entitled to any of the relief requested in the complaint or to any other legal or equitable relief.

89. Defendant denies each and every allegation contained in the numbered paragraphs or elsewhere in the complaint except to the extent specifically admitted herein.

IN FURTHER RESPONSE to the plaintiffs' complaint, defendant says as follows:

### FIRST DEFENSE

90. Plaintiffs' claims are barred to the extent that the complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

91. Each plaintiff's claims are barred, in whole or in part, by that plaintiff's failure to satisfy the administrative prerequisites to suit under Title VII.

**THIRD DEFENSE**

92. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

93. The complaint fails to state a claim for disparate impact discrimination upon which relief may be granted because the complaint fails to identify particular employment practice that plaintiffs allege has a disparate impact on a protected class of which they are members.

**FIFTH DEFENSE**

94. Any employment practice that plaintiffs allege to have a discriminatory impact against any protected class of which plaintiffs are members is job related and consistent with business necessity.

**SIXTH DEFENSE**

95. All employment decisions and actions applied to plaintiffs were based upon legitimate, nondiscriminatory reasons unrelated to plaintiffs' race, sex or any protected activity.

**SEVENTH DEFENSE**

96. Defendant may not be held liable for a violation of 42 U.S.C. § 1981 based upon *respondeat superior*.

**EIGHTH DEFENSE**

97. No action of defendant is the proximate cause of any damages allegedly suffered by any plaintiffs.

**NINTH DEFENSE**

98. Although defendant denies that plaintiffs' race, sex or protected activity was a determinative or substantial motivating factor in any adverse employment action which may be found to have occurred, if any plaintiff demonstrates that his or her race, sex or any alleged

protected activity was such a factor, defendant will show that the same decision would have been reached regardless of race, sex or protected activity, which will restrict recovery under Title VII as specified by 42 U.S.C. '2000e-5(g)(2)(B) and bar recovery under 42 U.S.C. ' 1981 and the Equal Pay Act.

### TENTH DEFENSE

99. With regard to any allegations in the Complaint alleging discriminatory practices of defendant not specifically contained in the EEOC charge or not set out in said charge with the particularity necessary to give defendant proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

### ELEVENTH DEFENSE

100.    Plaintiffs have not pled or established emotional injury as a matter of law.

### TWELFTH DEFENSE

101.    Plaintiffs are not entitled to an award of punitive damages as a matter of law.

### THIRTEENTH DEFENSE

102.    The claims asserted in the complaint are barred to the extent that any plaintiff lacks standing to raise them or otherwise fails to satisfy the legal requirements for prosecuting such claims.

### FOURTEENTH DEFENSE

103.    Each plaintiff is barred from recovering damages to the extent that he or she has failed to mitigate damages.

**FIFTEENTH DEFENSE**

104.　Plaintiffs' damages are barred to the extent that the defendant discovers that any plaintiff engaged in conduct which would have led to the termination of employment with defendant.

**SIXTEENTH DEFENSE**

105.　Plaintiffs' claims do not arise out of the same transaction, occurrence or series of transactions or occurrences, and their claims do not involve any common questions of law or fact. The joinder of plaintiffs' claims violates Rule 20 of the Federal Rules of Civil Procedure.

**SEVENTEENTH DEFENSE**

106.　Plaintiffs claims should be separated for trial to avoid prejudice to defendant pursuant to Rule 42 of the Federal Rules of Civil Procedure.

**EIGHTEENTH DEFENSE**

107.　Plaintiffs White and Ambrose lack standing to bring this action because their claims are the property of bankruptcy estates.

**NINETEENTH DEFENSE**

108.　The claims of White and Ambrose are barred by the doctrine of judicial estoppel.

**TWENTIETH DEFENSE**

109.　The award of mental anguish damages in this case would violate the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because (a) there are no fixed standards for the ascertainment of such damages; (b) there is no reasonable limit to the amount of an award; and (c) the standards for and measurement of mental anguish damages are unconstitutionally vague.

### TWENTY-FIRST DEFENSE

110. An award of punitive damages in this case would violate the constitutional safeguards provided to defendant under the United States Constitution.

### TWENTY-SECOND DEFENSE

111. An award of punitive damages in this case would violate the constitutional safeguards provided to defendant under the United States Constitution.

### TWENTY-THIRD DEFENSE

112. An award of punitive damages in this case would violate the constitutional safeguards provided to defendant under the sixth amendment to the United States Constitution in that punitive damages are penal in nature, and therefore, civil defendants are entitled to the same procedural safeguards afforded to criminal defendants.

### TWENTY-FOURTH DEFENSE

113. The failure of the court to require plaintiff to prove her case by a standard of proof less than the "beyond a reasonable doubt" standard applied in criminal cases, while allowing punitive damages to be awarded would violate defendant's rights under the United States Constitution.

### TWENTY-FOURTH DEFENSE

114. The imposition of punitive damages would be an excessive fine in violation of the eighth amendment to the United States Constitution.

### TWENTY-FIFTH DEFENSE

115. Any backpay or damages of defendants Drake and White should be cut off as of their respective retirement date.

## TWENTY-SIXTH DEFENSE

116. Plaintiff Williams was not performing equal work, the performance of which requires equal skill, effort, and responsibility as any male person to whom she compares herself for purposes of her Equal Pay Act allegations.

## TWENTY-SEVENTH DEFENSE

117. The compensation about which plaintiff Williams complains is based on a merit system, a seniority system, and other factors other than sex.

## TWENTY-EIGHTH DEFENSE

118. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## TWENTY-NINTH DEFENSE

119. The complaint fails to state a claim for willful conduct upon which liquidated damages may be imposed under the Equal Pay.

## THIRTIETH DEFENSE

120. Punitive and compensatory damages are not available to plaintiffs on disparate impact allegations under 42 U.S.C. §1981a.

Respectfully submitted,

James C. Pennington
David L. Warren, Jr.

OF COUNSEL:
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1900 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 328-1900

                                                     Margaret H. Campbell

**OF COUNSEL:**
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
600 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30308
Telephone: (404) 881-1300

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record on this the 28th of March, 2002, by U.S. Mail, postage prepaid as follows:

Samuel Fisher, Esq.
Gordon, Silberman, Wiggins & Childs, P.C.
1400 SouthTrust Tower
Birmingham, Alabama 35203-3204

                                                   OF COUNSEL