IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE L. DRAKE, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CV-02-J-0146-S |
| FEDERAL RESERVE BANK OF ATLANTA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment in favor of the defendant (doc. 9) on the claims of plaintiffs Brenda White and Alvis Ambrose, defendant's brief in support of said motion, plaintiffs' response and defendant's reply. The court has reviewed the motion and the parties' other submissions.

### I. Factual Background

Plaintiffs Brenda White and Alvis Ambrose, along with five other individuals, brought an employment discrimination action against the defendant Federal Reserve Bank of Atlanta pursuant to 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981; 29 U.S.C. § 206(d). White filed a charge of discrimination with the EEOC on June 25, 1998 and subsequently amended that charge on August 27, 1998.



(Exhs. A & B to defendant's Motion). In this charge, White alleged that she was passed over for promotion by less qualified white employees and had been paid lower wages than similarly situated white employees during her employment with the bank. *Id.* On May 21, 1998, White filed a voluntary petition for Chapter 13 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama. *Id.* at Exh. C. White did not report her claim against the defendant anywhere on her schedules or statement of financial affairs. On July 23, 1998, White submitted a Chapter 13 Plan to the bankruptcy court. *Id.* This plan was confirmed by the court on October 27, 1998, and an amount of money was required to be deducted bi-weekly from White's employment checks. *Id.* On June 29, 2001, White successfully moved the bankruptcy court to reduce her payments due to her retirement from the bank. *Id.* After not making the requisite payments, White filed a notice, on July 15, 2002, to convert her case from a Chapter 13 to a Chapter 7 bankruptcy. On July 22, 2002, an order was entered by the bankruptcy court converting White's bankruptcy to a Chapter 7. At no time during her interactions with the bankruptcy court did White indicate the existence of her claim against the defendant. *Id.*

Alvis Ambrose filed an EEOC charge on June 29, 1998, which was amended August 27, 1998. *Id.* at Exh. F. Ambrose had filed a Chapter 13 bankruptcy case on September 24, 1997. *Id.* at Exh. H. Ambrose submitted a plan to the bankruptcy court on October 15, 1997, and this plan was eventually confirmed on December 16, 1997. *Id.* This plan was subsequently amended by Ambrose on February 17, 1998. *Id.* Ambrose

2

was discharged from bankruptcy on May 20, 2002. *Id.* At no time did Ambrose indicate to the bankruptcy court that she had a claim for employment discrimination against her employer, the defendant.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that

3

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Defendant's motion is based on the doctrine of judicial estoppel.  Defendant contends that since the plaintiffs failed to indicate the existence of their employment discrimination claims against defendant to the bankruptcy court, they are estopped from asserting them in this court.

The doctrine of judicial estoppel precludes, a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir. 2002). This doctrine's purpose is to "protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." *Id.* quoting *In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir. 1999). In the Eleventh Circuit, two factors should be considered when deciding whether judicial estoppel should be applied to a particular case. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285, quoting *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001).

In regard to the first element, it is undisputed that the plaintiffs have made inconsistent statements in a prior bankruptcy proceeding. A debtor in a bankruptcy proceeding must disclose all assets, or potential assets to the bankruptcy court. 11 U.S.C. §§ 521(1), 541(a)(7). Furthermore, the plaintiffs each submitted a Statement of Financial Affairs in which she was required to list any "[s]uits and administrative proceedings." Exh. C, H. This duty to disclose continues throughout the bankruptcy proceeding. A debtor is required to amend any financial statements if circumstances change. *Burnes,* 291 F.3d at 1286.

The plaintiffs were both still in bankruptcy at the time that they filed their EEOC charges. Several courts have found that the filing of an EEOC charge constitutes an "administrative proceeding" that must be disclosed to the bankruptcy court. *Chandler v. Samford University*, 35 F.Supp. 2d 861 (N.D.Ala. 1999); *Lott v. Sally Beauty Co., Inc.*, 2002 WL 533651 (M.D. Fl. 2002). Plaintiff White submitted her bankruptcy plan to the court after having filed her EEOC charge. She converted her bankruptcy case to a Chapter 7 after having filed this civil action. Never, in any documents submitted to the bankruptcy court, did Plaintiff White acknowledge the existence of this action or the prior EEOC proceeding against her employer.

Plaintiff Ambrose's filed her EEOC charge 4 months after her last contact with the bankruptcy court prior to her discharge from bankruptcy. However, as noted above, an individual has a continuing duty to disclose such proceedings to the bankruptcy court during the pendency of her bankruptcy. Plaintiff Ambrose failed to disclose the EEOC charge or this civil action prior to the termination her of bankruptcy.

It is clear that both plaintiffs made inconsistent statements to the bankruptcy court. Both plaintiffs had a duty to amend their financial statements to the bankruptcy court after bringing this claim and both plaintiffs failed to do so.

The second requirement under the doctrine of judicial estoppel requires that the plaintiff had a motive to mislead the bankruptcy court. In order to demonstrate this motive, an intentional contradiction must be shown rather than simple error or

inadvertence. However, deliberate or intentional conduct can be inferred from evidence in the record. *Burnes*, 291 F.3d at 1287. In *Burnes*, the Court inferred that the plaintiff had the requisite motive to conceal his claim from the bankruptcy court when after filing his employment discrimination claim he converted his bankruptcy case to a Chapter 7 and received a no-asset discharge. The court ruled, "It is unlikely that he would have received the benefit of a conversion to Chapter 7 followed by a no-asset, complete discharge had his creditors, the trustee, or the bankruptcy court known of a lawsuit claiming millions of dollars in damages." *Id.* Thus, an inference could appropriately be drawn that the plaintiff had the required motive to defraud the judicial system sufficient to support the granting of summary judgment. *Id.*

Both White and Ambrose argue that they had no intent to mislead the bankruptcy court and were simply unaware that their employment discrimination claims needed to be listed on their financial statements to the court. (Plaintiff's Brief at 7. *See also* Exh. E). Defendant contends that the court should infer that the plaintiff White had the requisite intent to mislead the bankruptcy court based solely on the conversion of her case to a Chapter 7, and because plaintiff Ambrose presumptively gained a benefit by not disclosing her claim to the court. (Defendant's Brief at 12-14).

White's case is nearly identical to that present in *Burnes* where the Eleventh Circuit found the plaintiff had the requisite intent to mislead the court. White converted her case to a Chapter 7 in order to receive a no-asset complete discharge in July of 2002,

well after this civil action was filed in January of 2002. Based on the Eleventh Circuit's reasoning in *Burnes*, it is clear that this conversion is sufficient to draw the inference that White had sufficient motive to mislead the bankruptcy court despite her protests that she was unaware of the need to list the claim. See *Burnes*, 291 F.3d at 1287.

Based on these facts and *Burnes*, the court finds that the doctrine of judicial estoppel is applicable to White and defendant's motion for summary judgment shall be granted with respect to her claim.

However, Ambrose's situation is distinguishable from White's. First, Ambrose never converted her bankruptcy to a Chapter 7. Instead, Ambrose received a discharge from Chapter 13 bankruptcy in May, 2002. Furthermore, Ambrose did not file any documents with the court that failed to state any claim that should have been disclosed. Instead, Ambrose merely failed to amend her bankruptcy several months before she was completely discharged.

These facts alone do not constitute sufficient evidence in the record from which to infer that Ambrose had the requisite intent to mislead the bankruptcy court and therefore, the doctrine of judicial estoppel is inapplicable to Ambrose. The defendant's motion for summary judgment with respect to plaintiff Ambrose shall therefore be denied.

## IV. Conclusion

The court, finding that there are no genuine issues of material fact in dispute as to

plaintiff Brenda White's claim, **ORDERS** that the defendant's motion for summary judgment as to White's claim is hereby **GRANTED**. However, the court finding that genuine issues of material fact exist as to plaintiff Alvis Ambrose's claim, **ORDERS** that the defendant's motion for summary judgment as to Ambrose's claim is **DENIED**. Plaintiff White's claim is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this _11_ day of September, 2002.

Inge P. Johnson
U.S. District Judge